IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DIRECT LINE CORPORATION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:10-0423 |
| | ) | JUDGE TRAUGER/KNOWLES |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| **MICHAEL L. CARRINGTON and** | ) | |
| **JOHN DOE(s),** | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se Defendant's "Motion to Dismiss for Lack of Personal Jurisdiction." Docket No. 22. The Motion states in relevant part as follows:

> There is **No Personal Jurisdiction** for the cause of action to compel an answer.
>
> Plaintiff's suit is without personal jurisdiction, knew so when they filed the complaint, and their complaint must be dismissed.
>
> This Court has ordered that I retain an attorney in their jurisdiction to represent me in this cause. First I am unable to afford Counsel. I have been collecting unemployment insurance since February 2010. I have no funds to hire an attorney in a suit that is 1100 miles from my home. I have no funds to travel to Nashville to defend myself.
>
> The suit was served on me a full 9 months after I moved to Houston. I live in Houston Texas and have since September 9. *I moved to Nashville to work for Direct Line.* When I was told by a senior manager in August 2009 that I was going to be let go in January 2010 for an incident that allegedly happened 15 months prior I rented a home in Houston in September 2009, put my condo up for sale and moved. *I traveled back and forth as work dictated*

> *until dismissed*.  Direct Line was aware that I moved back to Houston.

*Id*., p. 1 (italics added, boldface in original).

Defendants' Motion cites no legal authority for the proposition that this Court lacks personal jurisdiction over him.

In this action, Plaintiff raises claims of trademark infringement, unfair competition, theft and misappropriation of trade secrets, breach of fiduciary duty, breach of duty of loyalty, breach of duty of trust, breach of duty against self-dealing, tortious interference with a business relationship, conversion, and unjust enrichment.  Docket No. 1, p. 1.  Plaintiff's Complaint essentially alleges that Defendant was employed by Plaintiff as a marketing representative and project manager on or about January 15, 2004.  Plaintiff alleges that Defendant was privy to "a great deal of confidential and proprietary information," in that position.  Defendant was terminated for cause in January 2010, after which he refused to return to Plaintiff certain equipment, a SIM card and a computer hard drive, which included important passwords, procedures, and files, belonging to Plaintiff.  Plaintiff avers that Defendant repeatedly confirmed that he had taken proper actions to back up Plaintiff's electronic files, but he later claimed that approximately 3,000 electronic files were lost or destroyed when the computer's hard drive crashed.  Plaintiff alleges that Defendant backed up its files to a computer server that was outside its control.  Plaintiff further avers that Defendant has altered contact information for its web pages to direct visitors of its web sites to Defendant's own phone number and e-mail address.

Plaintiff has filed a Memorandum of Law in Opposition to the Motion.  Docket No. 25.

Plaintiff cites T.C.A. § 20-2-214, which states in relevant part as follows:

> (a) Persons who are nonresidents of Tennessee and residents of
> Tennessee who are outside the state and cannot be personally
> served with process in the state are subject to the jurisdiction of
> this state as to any action or claim arising from:
>
> > (1) The transaction of any business with the state;
> > (2) Any tortious act or omission within this state;
> >  . . . .

As Judge Trauger recently stated, this statute "has been consistently construed to extend to the limits of federal due process . . . so the two inquiries are merged, and the court need only to determine whether exercise of personal jurisdiction over the Defendant is consistent with federal due process requirements." *Pagliara v. Johnston Barton Procter & Rose, LLP,* 2010 U.S. Dist. LEXIS 107012 at *8 (citations omitted).

Plaintiff also cites *Southern Machine Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1969), which sets forth the requirements for the exercise of personal jurisdiction over a defendant consistent with the requirement of due process:

> First, the defendant must purposefully avail himself of the
> privilege of acting in the forum state or causing a consequence in
> the forum state. Second, the cause of action must arise from the
> defendant's activities there. Finally, the acts of the defendant or
> consequence caused by the defendant must have had a substantial
> connection with the forum state to make the exercise of
> jurisdiction over the defendant reasonable.

Additionally, if the first two requirements are met, an inference arises that the third requirement is likewise satisfied. *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002).

Plaintiff also argues in part that Defendant owns Heights Office Furniture, which is located at 415 Church Street in Nashville. Plaintiff is also employed by Juris Consultants, LLC, which also has an address of 415 Church Street, Nashville. Additionally, Plaintiff owns a

condominium located at 415 Church Street, Nashville.[1]

Defendant has filed an "Answer" to Plaintiff's Memorandum of Law, which the Court will construe as a Reply. Docket No. 25. That Reply states in relevant part:

> Everything I stated in my Motion to Dismiss is true. I have no connections to Tennessee *anymore* nor have I ever done any business in this state *except as an employee at Direct Line*. **I was forced to move here to keep my job and the move was paid for Direct Line. I bought property here to live in while I worked here.** As soon as I found out I was being dismissed I promptly put my condo up for sale, leased a residence in Houston and moved my belongings to Texas . . . . There I have lived since September 2009. *Traveling to Nashville only as it was necessary to continue my then existing employment at Direct Line.*

*Id.*, p. 1(italics added, boldface in original). The remainder of Defendant's Reply essentially argues that a number of Plaintiff's allegations concerning the merits of this action are not true.

Defendant apparently believes that the fact that he has moved to Texas somehow deprives this Court of personal jurisdiction over him. That belief is plainly erroneous. Defendant admits that he moved to Tennessee to work for Direct Line. Thus, he purposefully

---

[1] As Judge Trauger has recognized, there are two distinct bases for the exercise of personal jurisdiction:

> Specific jurisdiction exists when a state exercises personal jurisdiction over a defendant in a suit that is related to the defendant's contacts with the forum. . . . General jurisdiction, on the other hand, exists when a defendant's contacts with the forum are "substantial" and "continuous and systematic," even if the contacts are unrelated to the suit at hand.

*Pagliara, supra,* 2010 U.S. Dist. LEXIS 107012 at *9 (footnote omitted).

While Defendant may well conduct other activities in Tennessee that would support general jurisdiction, if the Court finds that the specific jurisdiction exists, it is unnecessary to consider whether general jurisdiction also exists. *Id.*, n.6. As will be discussed below, specific jurisdiction exists in the case at bar.

availed himself of the privilege of acting in Tennessee. As Plaintiff argues, its claims arise directly from many actions that Defendant took while employed by Plaintiff in Tennessee. Docket No. 25, p. 7. Thus, Plaintiff's cause of action arises from Defendant's activities in Tennessee. Finally, Defendant's actions have a substantial connection with Tennessee, because Defendant worked for Plaintiff in Tennessee and the consequences of Defendant's actions have substantially affected Plaintiff, whose principal place of business is in Tennessee. Docket No. 1, p. 1. Thus, this Court's exercise of jurisdiction over Defendant is reasonable.

For the foregoing reasons, Defendants' "Motion to Dismiss for Lack of Personal Jurisdiction" (Docket No. 22) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge