# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DIRECT LINE CORPORATION, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:10-0423 |
| ) | Judge Trauger |
| MICHAEL L. CARRINGTON and ) | |
| JOHN DOE(S), ) | |
| ) | |
|     **Defendants.** ) | |

## MEMORANDUM AND ORDER

Pending before the court are the defendant's objections (Docket Nos. 41, 50) to an order (Docket No. 36) and a report and recommendation (Docket No. 42) entered by the Magistrate Judge, to which the plaintiff has filed responses (Docket Nos. 45, 46), and in support of which the defendant has filed replies (Docket Nos. 48, 49). For the reasons discussed below, the defendant's objections will be overruled.

## BACKGROUND

Defendant Michael Carrington, who is proceeding *pro se*, is a former employee of plaintiff Direct Line Corp. ("Direct Line"), which is a company based in Dickson, Tennessee. In the Report and Recommendation regarding the defendant's Motion to Dismiss, the Magistrate Judge summarized the plaintiff's claims and allegations:

> In this action, Plaintiff raises claims of trademark infringement, unfair competition, theft and misappropriation of trade secrets, breach of fiduciary duty, breach of duty of loyalty, breach of duty of trust, breach of duty against self-dealing, tortious interference with a business relationship, conversion, and unjust enrichment. Plaintiff's Complaint essentially alleges that Defendant was employed by Plaintiff as a marketing representative and project

> manager on or about January 15, 2004. Plaintiff alleges that
> Defendant was privy to "a great deal of confidential and
> proprietary information," in that position.
>
> Defendant was terminated for cause in January 2010, after which
> he refused to return to Plaintiff certain equipment, a SIM card and
> a computer hard drive, which included important passwords,
> procedures, and files, belonging to Plaintiff. Plaintiff avers that
> Defendant repeatedly confirmed that he had taken proper actions to
> back up Plaintiff's electronic files, but he later claimed that
> approximately 3,000 electronic files were lost or destroyed when
> the computer's hard drive crashed. Plaintiff alleges that Defendant
> backed up its files to a computer server that was outside its control.
> Plaintiff further avers that Defendant has altered contact
> information for its web pages to direct visitors of its web sites to
> Defendant's own phone number and e-mail address.

(Docket No. 42 at 2 (citation omitted and paragraph break added).)

On October 6, 2010, the Magistrate Judge entered a discovery order requiring the defendant to respond to certain interrogatories. (Docket No. 36.) On October 22, the defendant filed objections to the order, pursuant to Federal Rule of Civil Procedure 72.[1] The defendant, who lived in Nashville, Tennessee while working for the plaintiff but who currently resides in Texas, had previously filed a Motion to Dismiss for lack of personal jurisdiction.[2] (Docket No. 22; *see also* Docket No. 25 (plaintiff's response); Docket No. 29 (defendant's reply).) The sole argument contained in the defendant's objections to the October 6 order is that the court lacks personal jurisdiction and that the Magistrate Judge should have ruled on the Motion to Dismiss

---

[1] The defendant has styled his objections as a "Rule 72 Appeal." (Docket No. 41.)

[2] The defendant claims that he moved from Tennessee to Texas in September 2009 and, between September 2009 and January 2010, traveled to Nashville "only as it was necessary" for his job. (Docket No. 41 at 1-2.) The plaintiff claims that the defendant lived in Tennessee at least until January 2010. (Docket No. 45 at 2.)

before ruling on the discovery dispute. (Docket No 41 at 1-2.)

On October 26, 2010, the Magistrate Judge entered a Report and Recommendation finding that this court has personal jurisdiction over the defendant and recommending that the Motion to Dismiss be denied. (Docket No. 42.) On November 9, 2010, the defendant filed objections to the Report and Recommendation. (Docket No. 50.)

## **ANALYSIS**

When a magistrate judge files a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the Report and Recommendation to which a party specifically objects. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Accordingly, this court will review the Magistrate Judge's analysis of the defendant's Motion to Dismiss *de novo*.[3]

Federal Rule of Civil Procedure 12 permits a defendant to move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The issue of whether the court may exercise personal jurisdiction over the defendant depends on the application of Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-214. The long-arm statute has been consistently construed to extend to the limits of federal due process, however, so the court need only determine whether exercising personal jurisdiction over the defendant is consistent with federal due process

---

[3] Ordinarily, this court would review objections to the Magistrate Judge's non-dispositive October 6 discovery order under a more deferential standard, setting aside the order only if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). But the only basis for the defendant's objections to that order is the court's supposed lack of personal jurisdiction. Thus, those objections will be resolved by this court's *de novo* review of the Magistrate Judge's analysis of the Motion to Dismiss.

3

requirements. *Id.* § 20-2-214(a)(6); *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003).

For due process to permit the exercise of personal jurisdiction over a non-resident defendant, the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Youn v. Track, Inc.*, 324 F.3d 409, 417-18 (6th Cir. 2003) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Supreme Court has identified "general" jurisdiction and "specific" jurisdiction as distinct bases for personal jurisdiction. Specific jurisdiction exists when a state exercises personal jurisdiction over a defendant in a suit that is related to the defendant's contacts with the forum. *Id.* General jurisdiction, on the other hand, exists when a defendant's contacts with the forum are "substantial" and "continuous and systematic," even if the contacts are unrelated to the suit at hand. *Id.*

In *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968), the Sixth Circuit established a three-part test for determining whether the exercise of specific jurisdiction is consistent with the principles of due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 381. "A defendant has 'purposefully availed' himself of a forum by engaging in activity that should provide 'fair warning' that he may have to defend a lawsuit there." *Youn*, 324 F.3d

4

at 418 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Here, there is no question that this court can exercise specific personal jurisdiction over the defendant, who was formerly employed by the plaintiff in Tennessee. In his Motion to Dismiss, the defendant argues that personal jurisdiction does not exist because he now lives in Houston, Texas and lacks money to travel to Nashville. (Docket No. 22 at 1; *see also* Docket No. 41 at 1 ("I have no connections to Tennessee anymore nor have I ever done any business in this state except as an employee at Direct Line.").)

The defendant admits, however, that he lived in Nashville while he was employed by the plaintiff and that he worked in Tennessee. Certainly, a person's decision to live and work in a state constitutes purposeful availment of the privilege of acting in that state, and the defendant here had fair warning that his Tennessee employer might sue him in Tennessee. It is also clear that the plaintiff's claims arise directly from the defendant's employment; for example, the plaintiff alleges that the defendant misappropriated trade secrets that he acquired as an employee.[4] (Docket No. 1 ¶¶ 37-39.) Furthermore, the defendant's actions have allegedly caused consequences for the Tennessee-based plaintiff, making an exercise of personal jurisdiction reasonable. Under the three-part *Mohasco* test, specific jurisdiction is proper here.

---

[4] The Complaint alleges that the defendant failed to return the hard drive from his work-issued laptop computer and that, during his employment, he failed to properly back up the files on the drive. (Docket No. 1 ¶ 13, 15.) The defendant claims that the laptop crashed while he was living in Texas, and he argues that personal jurisdiction does not exist because "*Direct Line is trying to hold [him] accountable for actions that happened after [his] dismissal from the company* and when [he] no longer resided in Tennessee." (Docket No. 49 at 1; Docket No. 50 at 1-2.) But, regardless of the defendant's location at the moment the laptop crashed, he received the computer – and the now-missing data – in connection with his employment in Tennessee. This is enough to support personal jurisdiction.

The defendant makes much of the fact that he moved out of Tennessee shortly before his employment was terminated, but this is irrelevant.

The Magistrate Judge was correct in finding that this court has personal jurisdiction over the defendant. Accordingly, the defendant's objections are **OVERRULED**. The discovery order entered by the Magistrate Judge (Docket No. 36) is **AFFIRMED**. In addition, the Report and Recommendation entered by the Magistrate Judge (Docket No. 42) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, the defendant's Motion to Dismiss (Docket No. 22) is **DENIED**.

It is so Ordered.

Entered this 10th day of December 2010.

_____
ALETA A. TRAUGER
United States District Judge