**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DIRECT LINE CORPORATION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **CASE NO. 3:10-0423** |
| | ) | **JUDGE TRAUGER/KNOWLES** |
| | ) | |
| **MICHAEL L. CARRINGTON,** | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court following a Hearing on Plaintiff's "Motion to Renew Motion to Compel and to Deem Admitted Defendant's Responses to Requests for Admission" and to determine the status of discovery. Docket No. 120. The hearing was held May 1, 2012. The instant Motion was filed September 15, 2011, but Defendant has never filed a Response to the Motion. The following background will be helpful to an understanding of the issues discussed herein.

The undersigned previously submitted a Report and Recommendation recommending that a default be entered against the pro se Defendant, Michael Carrington. Docket No. 104. While that Report and Recommendation was based upon Defendant's failure to appear at a status conference set by the Court, it also discussed a number of delays occasioned by the conduct of Defendant.

Defendant filed Objections to that Report and Recommendation. Docket No. 109. Judge Trauger subsequently entered a "Memorandum" (Docket No. 111) and an accompanying Order

(Docket No. 112) declining to adopt the Report and Recommendation. Judge Trauger's Memorandum stated in part, "The court will also enter additional Orders in an attempt to (1) get discovery back on track in this case, and (2) ensure that this case is resolved on the merits." Docket No. 111, p. 1. The accompanying Order, *inter alia*, also vacated a previous Order of the undersigned that had deemed admitted 226 Requests for Admission submitted by Plaintiff to Defendant. Docket No. 112, p. 1. Additionally, as will be discussed in greater detail below, Defendant had filed a previous Motion for an extension of time to answer Interrogatories that were submitted to him by Plaintiff. Docket No. 68. In her Order, Judge Trauger granted that Motion. Docket No. 112, p. 1. The Order stated in relevant part:

> From the date of this Order [July 25, 2011], the defendant shall have 30 days to respond to all outstanding discovery, including the 226 requests for admission. After the expiration of that 30-day window, the plaintiff may renew any discovery objections, and the parties shall confer with Judge Knowles regarding the status of discovery, the entry of a new scheduling order, and a trial date. While this matter is referred back to Judge Knowles, he should refrain from ruling on the pending Motion to Compel (Docket No. 84) until the status of discovery becomes more clear following the expiration of the 30-day window.

Docket No. 112, p. 1-2.

The 30-day period established by Judge Trauger ended August 24, 2011.

On September 15, 2011, Plaintiff filed the instant Motion.[1] In the Motion, Plaintiff advised the Court that, as of the date of filing of the Motion, Plaintiff had not received any Response to its outstanding discovery requests, nor had Defendant provided his initial disclosures. Defendant had, however, belatedly submitted Responses to Plaintiff's Requests for

---

[1] The "Motion to Compel" referred to by Judge Trauger in her Order (Docket No. 84) was subsequently denied as moot by Judge Trauger. Docket No. 136.

2

Admissions. Plaintiff claimed, however, that a large number of Defendant's Responses should be deemed admitted because they did "not constitute clear or sufficient Responses." Additionally, Plaintiff claimed that a number of Defendant's denials did not fairly correspond to the substance of the matter in question.

The relief sought by Plaintiff in the Motion was as follows:

> Compel Defendant to respond to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents;
>
> Order Defendant to provide his initial disclosure;
>
> Order to deem admitted Plaintiff's Request for Admissions or, in the alternative, require Defendant to provide amended answers clarifying "any insufficient responses"; and sanctions in the form of attorneys fees and expenses regarding the Motion.

On October 3, 2011, Plaintiff submitted a "Discovery Status Report." Docket No. 122. That Motion stated that Defendant had not responded to the pending Motion, nor had he provided any "additional" Responses to written discovery (*i.e.,* Responses to the Second Set of Interrogatories and Requests for Production), or any initial disclosures.[2] That Notice also discussed Defendant's failure to respond to Plaintiff's requests concerning a proposed Scheduling Order.

On November 11, 2011, Plaintiff submitted a "Second Discovery Status Report." Docket No. 127. That Status Report noted that Defendant had provided "purported initial disclosures." Docket No. 127, p. 1. The Report also stated, however, that Defendant had failed to respond to the instant Motion nor had he provided any "additional" Responses to Plaintiff's Second Set of

---

[2] As Plaintiff later explained, however, Defendant had not provided any Responses at all to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents.

Interrogatories and Requests for Production of Documents.[3]  Docket No. 127, p. 1.

On November 16, 2011, the pro se Defendant submitted a document headed "Defendant's Status Report 11-14-2011 to Case Management Order No. 2."  Docket No. 129.  In that Status Report, Defendant stated:

> DISCOVERY IS COMPLETE.  DEFENDANT ANSWERED
> ALL ADMISSIONS AND INTERROGATORIES.  DEFENDANT
> HAS NOT BEEN MADE AWARE OF ANY OTHER ISSUES
> NEEDING FULFILLMENT.

Docket No. 129, p. 2 (caps in original).

On November 15, 2011, Plaintiff submitted a document headed "Notice."  Docket No. 128.  That Notice stated in relevant part that Defendant "has misrepresented to the Court that he has responded to Plaintiff's Second Set of Interrogatories and Requests for Production when, in fact, he has not."[4]  Docket No. 128, p. 1.   The Notice also stated that, as of the date of the filing of the Notice, Plaintiff still had not received any response to its second set of written discovery requests.  Docket No. 128, p. 2.

On December 9, 2011, Defendant submitted a Response to a Motion to Extend the Deadline for the Completion of Discovery previously filed by Plaintiff.  Docket No. 131.  In that filing, Defendant stated in part as follows:

> Comes the Defendant, Michael Carrington, and moves that this
> Honorable Court recognize that I have answered all Admissions on

---

[3]  As Plaintiff later explained, however, Defendant had not provided any Responses at all to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents.

[4]  The "Notice" submitted November 15, 2011, was docketed as Docket No. 128.  For whatever reason, the Status Report to which that Notice responds was docketed as Docket No. 129, on November 16, 2011.  This discrepancy, however, is not material to any issues before the Court.

4

> Court orders and Plaintiff is playing games to run up their client's attorney fees. I have answered all admissions to the best of my ability and truthfully.

Docket No. 131, p. 1.

On December 15, 2011, the Court entered an Order addressing the conflicting statements of the parties. Docket No. 132. That Order stated in relevant part as follows:

> Perhaps significantly, or perhaps not, Defendant now appears to be stating that he has answered only the "Admissions." His latest filing does not mention the Interrogatories or Requests for Production of Documents.
>
> Thus, the situation appears to be that Plaintiff contends Defendant still has not responded to the Interrogatories or Requests for Production of Documents that were the subject of the previous Motion to Compel. Docket No. 84. Defendant has stated to the Court, however, that he has done so. None of the various accusations and/or denials, however, is in the form of a Declaration or an Affidavit. The Court cannot determine who is being straight with it on the basis of the papers alone.
>
> Therefore, the Court will hold a hearing on the pending Motions (Docket Nos. 120, 130, and, to the extent appropriate, Docket No. 84) to determine the status of discovery. In an effort to be sure that the Hearing is set at a time when Defendant can attend, Defendant shall contact Courtroom Deputy Holly Vila on or before January 3, 2012, to advise her of his seven earliest availabilities to attend such a Hearing in Nashville. If Defendant is unable to reach Ms. Vila in person, he shall leave a voicemail message regarding the available dates. After receiving dates from Defendant, Courtroom Deputy Holly Vila will contact Plaintiff and the Court will set the Hearing by a separate Order.

Docket No. 132, p. 5.

On January 4, 2012, the Court entered an Order stating that Defendant had contacted Courtroom Deputy Holly Vila and advised her that his earliest seven dates for a Hearing on the pending Motion were April 24, 2012, and the next successive six dates thereafter. Docket No.

5

134. Those dates, obviously, were approximately four months later. The Order also noted that counsel for Plaintiff had stated his preference for having the Hearing in January or February. Nevertheless, the Court set the Hearing on the pending Motions for May 1, 2012, at 10:00 a.m.

The Court held the referenced Hearing on May 1, 2012. Counsel for Plaintiff appeared at the Hearing, along with the pro se Defendant. Defendant admitted that he had *completely* failed to respond to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents. He stated that he had not responded to that discovery because he thought it was "untimely." Defendant stated that, when he had previously filed material with the Court stating that he had responded to Plaintiff's discovery requests, he had intended to restrict that statement to only discovery requests that had been timely filed. He admitted, however, that he had not previously offered this theory as an excuse to the Court for his failure to respond.[5]

The undersigned observed Mr. Carrington's demeanor at the Hearing. The undersigned does not believe that Mr. Carrington was being truthful with the Court.

On May 1, after the Hearing, Plaintiff submitted a "Post-Hearing Memorandum." Docket No. 141. That Memorandum stated in part as follows:

---

[5] Defendant's theory concerning untimeliness apparently is based on the following circumstances. Plaintiff submitted the Second Set of Interrogatories and Requests for Production of Documents to Defendant on February 11, 2011. At that time, the then-governing Case Management Order provided a discovery cut-off deadline of February 28, 2011. Docket No. 26. Defendant apparently thought the referenced discovery was untimely because it was not submitted more than 30 days in advance of the discovery cut-off deadline. Defendant apparently failed to recognize that, on February 10, 2011, Plaintiff had filed a Motion to Extend the Discovery Cut-off Deadline. Docket No. 60. Defendant filed a Response in Opposition to the Motion accusing Plaintiff of attempting to circumvent the Court's initial Scheduling Order. Docket No. 63. On March 15, 2011, the Court entered an Order granting the Motion to Extend the Discovery Cut-off Deadline until May 31, 2011. Docket No. 65. Thus, the Second Set of Interrogatories and Requests for Production of Documents was not untimely.

> No. 4. Despite Plaintiff's efforts Mr. Carrington has repeatedly ignored and disobeyed this Court's prior orders and has managed to drag this case out for over two years all the while increasing [Plaintiff's] damages and avoiding a trial date. Therefore, [Plaintiff] respectfully requests a default judgment be entered against Carrington. In the alternative, DLC seeks the relief set forth in its Motion to Renew Motion to Compel and Deem Admitted Defendant's Responses to Requests for Admission (Doc 120) and Motion to Extend Deadline to Complete Discovery (Doc 130).

Docket No, 141, p. 2.

Moreover, Plaintiff's Second Set of Interrogatories and Requests for Production of Documents was submitted to Defendant more than a year ago, on February 11, 2011. *See* Docket No. 84. On March 28, 2011, Defendant filed a "Motion for 45 Day Extension of Time to Answer Untimely Interrogatories." Docket No. 68. That Motion stated in part:

> Plaintiff served upon Defendant Interrogatories that were time barred by the Court's scheduling order. Defendant requests a 45 day extension to answer the interrogatories. This Motion is not to intentionally delay but Plaintiff did not request the Court's permission to file untimely discovery and Defendant has commitments for the next 25 days that require all his available time.

Docket No. 68, p. 1.

Thus, Defendant plainly did not argue that he should not be required to answer the allegedly "untimely" discovery at all; he argued only that he needed an extension of time to respond. Furthermore, the referenced Motion sought an extension of time for Defendant to answer the very discovery at issue here. That Motion for Extension was granted by Judge Trauger in her Order entered July 25, 2011. In other words, Judge Trauger granted Plaintiff an additional 30 days from the entry of her Order (to August 24, 2011) in which to respond to the Second Set of Interrogatories and Requests for Production of Documents.

7

For Defendant now to claim that he did not respond to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents because they were untimely is nothing short of absurd.

To make a long story short, this action was filed April 28, 2010. Defendant has attempted to delay the proceedings at essentially every turn. Approximately 10 months ago, Judge Trauger ordered Defendant to respond to "all outstanding discovery" on or before August 24, 2011. When Plaintiff reported to the Court that Defendant had not so responded, Defendant told the Court that he had so responded. When the Court sought to hold a Hearing on this issue, Defendant stated that he could not be available for approximately 4 months. When he did show up at the Hearing, he gave an outrageous excuse for not responding to the Second Set of Interrogatories and Requests for Production of Documents. Insofar as the record shows, as of the date of the submission of this Report and Recommendation, Defendant still has not responded to the Second Set of Interrogatories and Requests for Production of Documents.

The Court has previously discussed the appropriate standards for sanctions in such a situation, and that discussion will not be repeated here. Docket No. 104. Defendant has completely failed to comply with Judge Trauger's Order entered July 25, 2011. Furthermore, he misrepresented to the Court that discovery was complete and that he "answered all Admissions and Interrogatories." When called upon to explain his actions in open Court, he told a completely unbelievable story.

For the foregoing reasons, the undersigned recommends that a default be entered against Defendant Michael L. Carrington.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge