IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DIRECT LINE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:10-0423 |
| ) | Judge Trauger |
| MICHAEL L. CARRINGTON and ) | Magistrate Judge Knowles |
| JOHN DOE(S), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

On May 18, 2012, the Magistrate Judge issued a Report and Recommendation (Docket No. 142), recommending that default be entered against defendant Michael Carrington as a discovery sanction. The defendant has filed timely objections, having been given an extension of time to file by this court (Docket No. 150), and the plaintiff has responded to those objections (Docket No. 152).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 6th Cir. 1995).

The defendant's objection document essentially re-argues the same points he unsuccessfully argued to the Magistrate Judge concerning his failure to respond to the plaintiff's second set of discovery requests. By Order entered July 25, 2011, this court gave the defendant 30 days "to respond to all outstanding discovery." (Docket No. 112) The Magistrate Judge held a hearing on

1

May 1, 2012 on the status of outstanding discovery, at which this *pro se* defendant appeared.  At the hearing, the defendant admitted that he had totally failed to respond to the second set of discovery requests and offered as an excuse, for the first time, that he did not feel that he needed to respond to them because they were untimely.  He admitted that, in fact, he had thrown them away.  The Magistrate Judge, who had an opportunity to observe Mr. Carrington at the hearing, found him not credible as to this point, stating that "he told a completely unbelievable story." (Docket No. 142 at 8)   The Report and Recommendation gives a history of the defendant's obstreperous conduct throughout this litigation and recommends the entry of a default judgment as a discovery sanction.

Rule 37(b)(2)(A) lists several potential sanctions for discovery abuses, affording the court the option to strike pleadings, prohibit certain evidence, dismiss the case, or enter a default judgment against the disobedient party.  In determining the scope of the sanction, the Sixth Circuit has directed district courts to consider (1) "whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault," (2) whether the adversary has been prejudiced, (3) whether the disobedient party "was warned that failure to cooperate could lead to the sanction," and (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). "Willfulness, bad faith, or fault" can only be found where the party to be sanctioned had displayed "an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (internal quotation omitted).

The Sixth Circuit has noted that "a district judge holds a variety of sanctions in his

arsenal, the most severe of which is the power to issue a default judgment." *Grange Mut. Cas. Co. v. Mack*, 270 Fed. Appx. 372, 376 (6th Cir. 2008)(referring to the default judgment sanction as the court's "strongest weapon"). Before dismissing a case brought by a disobedient plaintiff or issuing a default judgment against a disobedient defendant, the court must recognize that these are "sanction[s] of last resort," and the court must consider whether such a sanction appropriately punishes the offending party and sensibly deters similar misconduct by future litigants. *Peltz v. Moretti*, 292 Fed. Appx. 475, 478 (6th Cir. 2008)(internal quotation omitted). Indeed, without a clear showing of "willfulness, bad faith, or fault," by the defendant, entry of a default judgment against the defendant in this context is not appropriate. *Id.* That is, an entry of default should be avoided unless the record clearly shows continuous delay or "contumacious conduct by the offending party." *Am. Book Co. v. Consolidated Group of Companies*, 2011 WL 1457686, *4 (E.D. Tenn. Apr. 15, 2011) (internal quotation omitted).

One year ago, this court rejected a Report and Recommendation issued by the Magistrate Judge that recommended entry of default against this defendant for failing to appear at a status conference. (Docket No. 104) This court was of the impression that the Magistrate Judge had treated Mr. Carrington unfairly and refused to grant a default at that time. However, with an additional year of the defendant's antics now before the court, the court feels that entry of default as a discovery sanction is fully warranted. The court finds that Mr. Carrington's failure to cooperate in discovery is due to willfulness and that the plaintiff, who filed suit over two years ago and is still struggling to receive written discovery, has been prejudiced. Mr. Carrington has been threatened with severe sanctions, including default, on more than one occasion in this action, and certainly less drastic sanctions have been attempted for many months, without

3

success.  In fact, as the plaintiff points out in its Response, Mr. Carrington, "has still not provided any response to DLC's second set of discovery requests."  (Docket No. 152 at 1)  Even faced with the potential for entry of a default judgment against him for failing to respond to this discovery, he has not shown his goodwill by responding to these discovery requests.  This court finds, as the Magistrate Judge found long ago, that this defendant has attempted to thwart the judicial process and engaged in a pattern of contumacious conduct justifying the entry of default against him.

For the reasons expressed herein, the Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court.  For the reasons expressed therein and herein, it is hereby **ORDERED** that, pursuant to Rule 37(b)(2)(A), F̲ED̲. R. C̲IV̲. P., default is entered against defendant Michael L. Carrington.  This case is **REMANDED** to the Magistrate Judge for the determination of damages to be awarded to the plaintiff.

It is so **ORDERED.**

Enter this 9th day of August 2012.

_____
ALETA A. TRAUGER
U.S. District Judge