**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| DIRECT LINE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:10-0423 |
| ) | Judge Trauger |
| MICHAEL L. CARRINGTON and ) | Magistrate Judge Knowles |
| JOHN DOE(S), ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

The Magistrate Judge has issued a Report and Recommendation (Docket No. 230), to which the defendant has filed an "Answer" that the court will interpret as objections (Docket No. 242). The plaintiff has responded to the defendant's document (Docket No. 244), and the defendant has filed an "Emergent Addendum" to his objection document (Docket No. 245).

The Magistrate Judge's Report and Recommendation relates to an award of damages, which is a dispositive matter. Therefore, pursuant to Rule 72(b), FED. R. CIV. P., and 28 U.S.C. § 636(b)(1)(C), this court must review *de novo* any portion of the Report and Recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Rule 72(b)(3), FED. R. CIV. P. It is within the court's broad discretion whether or not to receive further evidence when ruling on objections.

Here, the defendant, having been given many opportunities by the Magistrate Judge and the district court to comply with court orders, had a default judgment entered against him, upon findings

1

that he "has attempted to thwart the judicial process and engaged in a pattern of contumacious conduct justifying the entry of default against him." (Docket No. 153 at 4) This court remanded the case to the Magistrate Judge for an assessment of damages and, once again, the defendant engaged in obstreperous conduct. Having been given numerous extensions of time to respond to the plaintiff's damages motion and having twice secured a postponement of the hearing on damages, the defendant neither appeared for the hearing nor submitted a response to the damages motion. The Magistrate Judge held the damages hearing and, based upon the plaintiff's submittals, issued a Report and Recommendation awarding damages and injunctive relief to the plaintiff. (Docket No. 230) Now, in his objection document, the defendant attempts to introduce evidence that the plaintiff accurately argues relates almost exclusively to liability, rather than the damages award. Regardless of its relevance to the damages award, this evidence appears to be evidence that was available to the defendant at the time that the damages issue was being considered by the Magistrate Judge but was not submitted.

This court exercises its discretion to not consider the supplementary evidence submitted by the defendant to this court in his objection documents. The presentation of new evidence to the district court that was not presented to the Magistrate Judge is disfavored. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Performance Autoplex II, Ltd. v. Mid-Continent Cas.*, 322 F.3d 847, 862 (5th Cir. 2003). "It is not in the interest of justice to allow a party to wait until the Report and Recommendation. . .has been issued and then submit evidence that the party had in its possession but chose not to submit. Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received." *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998), *cert. denied*, 142 L. Ed. 2d 202 (1998); *accord, Paterson Erson-Leitch Co. v. Mass. Mun. Wholesale Elc. Co.*, 840 F.2d 985, 991

(1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and–having received an unfavorable recommendation–shift gears before the district judge.")

The defendant's conduct throughout this case has indicated a lack of respect for the legal process and the court. He received notice on November 9, 2012 that the damages hearing would take place on December 11, 2012. (Docket No. 207) He did not move to continue the hearing until November 26, 2012 (Docket No. 210). The Magistrate Judge denied the defendant's motion to continue on November 28, 2012 (Docket No. 213), but the defendant did not appeal that Order until December 5, 2012 (Docket No. 215). This court denied his appeal of the continuance motion on December 7, 2012 (Docket No. 217).

Instead of appearing at the hearing, or even filing a response to the damages motion, on the day of the hearing, shortly before it was to begin (Docket No. 230 at 3, n.2), the defendant cavalierly left a message on the voice mail for the Magistrate Judge's courtroom deputy, stating, in part: "I am not going to be able to make the hearing. . . . There's just not enough time for me to get there. I do have a cancellation on Thursday, and I can–I'm actually in Oklahoma now, heading to Louisiana; I'm driving. My flight was originally out of D.C. But there's no way I can catch a plane in. But I will actually be in–I'm coming through Nashville from Knoxville Thursday afternoon. Any way they can reset it then, I will actually be in that city that day. If not, well, I did the best I could. Give the court my apologies. Have a great day. . . ." (Docket No. 221) Doing "the best he could" fell far short of enough.

For the reasons expressed herein, it is hereby **ORDERED** that the defendant's objections are **OVERRULED**, and the Report and Recommendation (Docket No. 230) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, the following are hereby **ORDERED**:

A. Judgement is hereby **ENTERED** against the defendant in favor of the plaintiff in the amount of $1,487,460.22.

B. The following injunctive relief is hereby **ORDERED**:

1. The defendant shall transfer, at his cost, to Direct Line, and provide Direct Line with, all URLs (domain names) acquired by Carrington or Direct Line, and/or URLs for websites containing terms relating to high density storage including, without limitation those URLs listed in Exhibit A to the Motion For Damages And Other Relief. (Docket No. 162

2. The defendant shall provide to Direct Line all passwords and/or log-in information necessary to access all websites and software relating to high density storage including, without limitation, the following:

   a. access to the online web program; and

   b. access to the online catalog;

3. The defendant shall provide Direct Line all copy, graphics, photographs, online catalog (i.e. buyer's guide), and any other confidential and/or proprietary Direct Line information in his possession;

4. The defendant shall remove from his websites and be enjoined from using any and all materials obtained from Direct Line, including but not limited to:

   a. using Direct Line's trade secrets, including passwords or electronic

files;

		b.	Direct Line's 1-800 phone numbers or any similar phone numbers Carrington has established or used in furtherance of his illegal activities.

	5.	The defendant is prohibited from:

		a.	creating or maintaining web programs to generate leads for high density storage products;

		b.	engaging in any conduct that infringes upon the DIRECT LINE or CLASSICTAK trademarks;

		c.	engaging in any conduct that dilutes or is likely to dilute the DIRECT LINE or CLASSICTAK trademarks;

		d.	engaging in any advertising that, in a false or misleading manner, tends to associate Carrington's services with Direct Line or with Direct Line's goods and services;

		e.	engaging in any advertising that tends to adversely affect the public's perception of Direct Line or Direct Line's services.

C.	The defendant shall comply with the injunctive relief ordered herein within thirty (30) days of the entry of this Order.

It is so **ORDERED.**

Enter this 6th day of June 2013.

_____
ALETA A. TRAUGER
U.S. District Judge

5