**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **DIRECT LINE CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **vs.** ) | **CASE NO. 3:10-0423** |
| ) | **JUDGE TRAUGER/KNOWLES** |
| ) | |
| **MICHAEL L. CARRINGTON and** ) | |
| **JOHN DOE(S),** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion for Attorney Fees and Non-Taxable Expenses" (Docket No. 166) and a "Supplemental Motion for Additional Attorney Fees and Non-Taxable Expenses" (Docket No. 225), both filed by Plaintiff. The Motion seeks an award of attorney fees and non-taxable expenses in the total amount of $88,180.03. The Supplemental Motion seeks an additional award of attorney fees and non-taxable expenses in the amount of $15,657.95. The total sought in the Motion and the Supplemental Motion is $103,837.98.

Plaintiff filed a supporting Memorandum of Law with the Motion (Docket No. 187), a Declaration of one of its counsel (Docket No. 168), and an Affidavit of another of its counsel (Docket No. 170). Plaintiff did not file a separate Memorandum of Law with the Supplemental Motion, but Plaintiff did file a Supplemental Affidavit and a Supplemental Declaration of two of its counsel. Docket Nos. 226, 228.

Defendant, who has been proceeding pro se throughout this litigation, has not filed a Response to either Motion. Pursuant to Local Rule 7.01(b), Defendant's failure to file a timely

Response indicates that he does not oppose the Motions.

Plaintiff seeks an award of attorney fees pursuant to the Tennessee Uniform Trade Secrets Act, T.C.A. § 47-25-1705 which provides, "If : . . . (3) Willful and malicious appropriation exists, the court may award reasonable attorney's fees to the prevailing party." Based upon a review of the record in this case, there is no question that Defendant's actions were willful and malicious. *See, e.g.,* Docket No. 230, p. 4-6, 10-11. Thus, Plaintiff is entitled to an award of attorney fees.

Judge Trauger has recently addressed the appropriate standards for determining a reasonable award of attorney fees in *Heriges v. Wilson County*, 2010 WL 4116719 (M.D. Tenn.). In *Heriges*, Judge Trauger stated:

> The party seeking an attorney's fee award pursuant to a statute has two main obligations: (1) to provide the court with "evidence supporting the hours worked and the rates claimed" and (2) to demonstrate that the requested fee award is "reasonable." . . . Here, the plaintiff has provided time records and task descriptions for both [of her counsel] which document, day-by-day for the course of this litigation, the task performed and the time spent thereon. . . . The plaintiff has clearly provided the court with "evidence supporting the hours worked and rates claimed." The remaining question is whether, in light of all the circumstances of this case, the fee award sought is "reasonable."
>
> The starting point for determining the reasonableness of a requested fee is the "lodestar" analysis, whereby the requested fee is compared with the amount generated by multiplying the number of hours reasonably worked on the litigation by a reasonable hourly rate. . . . A reasonable hourly rate is determined by considering the skill, experience, and reputation of the attorneys involved and the market in which they practice. . . . If the requested fee is essentially in line with the "lodestar," then there is a strong presumption that the requested fee is reasonable and recoverable.
> . . .

> In addition to the lodestar analysis, the Court should also consider any relevant "*Johnson*" factors [*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)] and whether some adjustment to the award is required under those factors. . . . These factors are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. . . . The Sixth Circuit has recognized that, often, these factors are naturally blended into the reasonableness analysis. . . .

2010 WL 4116719 at *12 (citations omitted).

In the case at bar, Plaintiff's request for attorney fees is based on the lodestar method.

The Declaration of Edward D. Lanquist, Jr., establishes that he has over 24 years of experience in patent litigation. He has been lead trial counsel in patent disputes pending in over 20 different jurisdictions in the United States. Mr. Lanquist began work on this case in February 2010. He states that his hourly rate is $370. He has attached copies of his firm's invoices regarding the case, and states, "I believe that the listed charges are reasonable based upon the complexity of the case and [Plaintiff's] refusal to cooperate in discovery. Mr. Lanquist seeks total attorney fees in the amount of $26,669, as well as $333 for legal research expenses.

The Affidavit of Fred Bissinger establishes that he has approximately 20 years of litigation experience. He was primarily responsible for providing legal services in this case, at an hourly rate of $180. An associate, Anne T. McKnight, provided legal services in this matter at an hourly rate of $150. She has been admitted to the bar since 2007. Mr. Bissinger's Affidavit also states, "The rates we charged Direct Line Corporation in this matter are

discounted rates."  Mr. Bissinger has also attached copies of invoices and charges incurred by his law firm.  He states that the attached list of charges totals 362.4 hours, and amounts to $60,938.45.

There is no question that the hourly rates claimed by all of Plaintiff's counsel are reasonable.

The undersigned has reviewed the entries set forth in the detailed descriptions of the hours worked and fees billed by Plaintiff's counsel submitted with the Declarations, and none of the entries appears to be unreasonable on its face.  *See, e.g., Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1176 n.14 (6th Cir. 1990) ("The defendants' failure to raise more than a generalized objection to the fees in this case would ordinarily require us to review only those items which should have been eliminated through a cursory examination of the bill.").  Because Defendant has failed to raise any objection to the fees in the case at bar, the Court is under no obligation to perform any further examination of the hours worked and fees billed.

Moreover, the Court notes that the fee is reasonable compared with the recovery in this case.  Plaintiff was awarded a default judgment in the amount of $1,487,460.22.  Docket No. 250, p. 4.  Additionally, Plaintiff obtained significant injunctive relief.  *Id.*, p. 4-5.  The amount of legal fees is less than 10% of the judgment amount.

Furthermore, it has generally been recognized in cases involving an award of attorney fees that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified."  *United States Football League v. National Football League,* 887 F.2d 408, 413 (2nd Cir. 1989).  The burden is on the opponent to present specific evidence that a lower amount is appropriate.  *Id.  See also Gates v. Deukmejian*, 987 F.2d 1392,

1397-98 (9th Cir. 1992) (fee opponent must submit evidence); *Brinker v. Giuffrida*, 798 F.2d 661, 668 (3rd Cir. 1986) ("There is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant.").

The Court further concludes that the relevant *Jordan* factors, as set forth above, are (1), (5), (8), and (9). Despite the fact that this case involved the entry of a default and a default judgment, it required significant time and labor. As Judge Trauger previously observed:

> The court finds that Mr. Carrington's failure to cooperate in discovery is due to willfulness and that the plaintiff, who filed suit over two years ago and is still struggling to receive written discovery, has been prejudiced. Mr. Carrington has been threatened with severe sanctions, including default, on more than one occasion in this action, and certainly less drastic sanctions have been attempted for many months, without success. . . . Even faced with the potential for entry of a default judgment against him for failing to respond to this discovery, he has not shown his goodwill by responding to these discovery requests. This court finds . . . that this defendant has attempted to thwart the judicial process and engaged in a pattern of contumacious conduct justifying the entry of default against him.

Docket No. 153, p. 3-4.

As discussed above, the rates charged by two of Plaintiff's counsel in this case were discounted. The amount involved and the results obtained have been discussed above. The experience and ability of the attorneys has also been discussed above.

In the Motion and the Supplemental Motion, Plaintiff also seeks an award of non-taxable expenses. Docket No. 167, p. 6. Plaintiff states in relevant part:

> Direct Line's request [in the initial Motion] is conservative and is limited only to computerized research fees (LEXIS and WESTLAW) billed to Direct Line. Direct Line has not sought recovery of other non-taxable expenses such as travel, lodging and expert witness expenses. Direct Line respectively requests that these reasonable non-taxable expenses be awarded pursuant to the

5

Order and 35 U.S.C. § 285.

*Id.*

Plaintiff cites *Central Soya Co. v. Geo. A. Hormel & Co.,* 723 F.2d 1573, 1578 (Fed. Cir. 1983), for the proposition that § 285 allows for the recovery of "disbursements." Section 285 states, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Section 285, however, applies in patent cases, not in trademark cases. Even if it were applicable, however, the plain language of § 285 provides for the award of "attorney fees," not non-taxable costs. Plaintiff's reliance upon *Central Soya* is unavailing, and Plaintiff has provided the Court with no relevant, controlling authority for the proposition that it should be allowed to recover non-taxable expenses.[1]

Although it is not entirely clear, it appears to the Court that the material supporting the initial Motion includes non-taxable expenses in the total amount of $1,610.53 ($333 + $1,037.95 + $239.58). Docket Nos. 167, p. 2; 168, p. 2. This amount should be removed from the total of $88,180.03 sought in the original Motion. Thus, the amount of attorney fees that should be awarded on the original Motion is $86,569.50 (not $88,180.03).

The total sought in the Supplemental Motion is $15,657.95. That amount, however, appears to include $289.95 ($216.10 + $73.85) in non-taxable expenses. Docket No. 229, p. 1-2. Thus, the total amount awarded for attorney fees in connection with the Supplemental Motion should be $15,368 (not $15,657.95).

For all the foregoing reasons, the undersigned recommends that the instant Motions (Docket Nos. 166, 225) be GRANTED, and that Plaintiff be awarded attorney fees in the total

---

[1] Plaintiff's reference to "the Order" in the above quotation is unclear.

6

amount of $101,937.50 ($86,569.50 + $15,368).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge