# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNSCO CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-cv-0423 |
| ) | |
| MICHAEL L. CARRINGTON, ) | Judge Trauger |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is the defendant's objection (ECF No. 286) to the Report and Recommendation ("R&R") (ECF No. 283) filed by Magistrate Judge Cliff Knowles, recommending that the plaintiff's "Motion for Attorney Fees and Non-Taxable Expenses" (ECF No. 166) and "Supplemental Motion for Additional Attorney Fees and Non-Taxable Expenses" (ECF No. 225) be granted. The plaintiff has filed a response (ECF No. 288) to the defendant's objection.

A motion for attorney's fees referred to the magistrate judge is to be treated in the same manner as a dispositive pretrial matter. Fed. R. Civ. P. 54(d)(2)(D). When a party files objections to a magistrate judge's R&R regarding a dispositive motion, the district court must review *de novo* any portion of the R&R to which proper objections are lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The plaintiff seeks attorney fees pursuant to the Tennessee Uniform Trade Secrets Act, Tenn. Code Ann. § 47-25-1705, which provides that the court may award "reasonable attorney's fees to the prevailing party" in cases where "[w]illful and malicious appropriation exists." The magistrate judge, in recommending that the motion for attorney fees be granted, concluded that the defendant's actions were unquestionably willful and malicious. The magistrate judge conducted a careful and thoughtful review of the plaintiff's request for fees and supporting documentation and found that the hourly rates charged by the plaintiff's attorneys were reasonable; the detailed descriptions of the hours worked and fees billed did

not appear unreasonable; the defendant had not raised a specific objection to any portion of the fees sought; and the total amount of the fee was reasonable compared with the total recovery of damages in this case, amounting to less than ten percent of the damages awarded. The magistrate judge nonetheless recommends deducting $1,900.48 in "non-taxable expenses" from the total sought by the plaintiff. The magistrate judge recommends a total fee award of $101,937.50.

The defendant does not object to any specific finding by the magistrate judge. Instead, he claims that he was unaware that he was required to respond to the plaintiff's motions for attorney fees and that "the motions for attorneys fees are legally insufficient." (ECF No. 286, at 1–2.) He continues to assert that the damages award and the plaintiff's standing are "negated due to [the plaintiff's] fraudulent representation of the facts to his attorneys." (ECF No. 286, at 1.) The defendant also relies on his "Pre-Affidavit," filed with his objection, in which he again asserts, without pointing to any specific factual allegations or claims, that the plaintiff's allegations of his wrong-doing are false and perjured. (ECF No. 287, at 1.)

As set forth above, the district court must review *de novo* any portion of an R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). When, as here, the objecting party has not raised "proper" objections to any portion of the R&R and instead continues to contest the issue of liability, the court has no obligation to conduct a *de novo* review of the magistrate judge's ruling. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly broad objections do not satisfy the objections requirement."), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). *Cf. Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge."); *see also* L.R. 72.03(b)(1) ("Objections to a report and recommendation of a Magistrate Judge . . . shall state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which objection is made and shall be accompanied by sufficient documentation . . . to apprise the District Judge of the basis for the objection.").

Notwithstanding the insufficiency of the defendant's objection, the court has conducted a *de novo* review of the R&R and the pertinent parts of the record, and finds that the magistrate judge's recommendation is factually sound and legally correct.

Accordingly, the Report and Recommendation of the magistrate judge (ECF No. 283) is **ACCEPTED** and **ADOPTED** as the opinion of the court, and the plaintiff's objections are **OVERRULED**. The plaintiff's motions for attorney fees (ECF Nos. 166 and 225) are **GRANTED**, and the plaintiff is awarded attorney fees in the total amount of $101,937.50.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge